In the Matter of the Claim of Margaret Elling, Respondent, against Ontario County Sheriff's Department, Respondent, and Special Disability Fund, Appellant. Workmen's Compensation Board, Respondent.

Third Department, November 16, 1955.

*John M. Cullen* for appellant.

*Ellsworth Van Graafeiland* for Ontario County Sheriff's Department, respondent.

*Carrolton A. Roberts* for claimant-respondent.

*Jacob K. Javits, Attorney-General,* for Workmen's Compensation Board, respondent.

Coon, J.   The only question presented by this appeal is whether a self-insured employer is entitled to reimbursement from the Special Fund for payments beyond 104 weeks, awarded to an elected — (as distinguished from a privately employed) — employee.

Decedent was first elected Sheriff of Ontario County in 1936. While in that office he suffered a serious automobile accident in 1940, which resulted in extensive physical injuries and a permanent heart ailment.   He was thereafter elected three times.   There is evidence that following this accident he regularly used a cane, was under medical care, and had to take daily rest periods, and these facts were widely published in local papers and commonly observed by the public.

Decedent died of a heart attack on May 13, 1950, under circumstances which have been held compensable.   The award for death benefits is not controverted.   Reimbursement is the only issue.   Appellant admits, that the present circumstances

would require reimbursement, after the first 104 weeks, except for the fact that decedent was elected, instead of employed by an individual or private corporation.

This court has held that the employer's knowledge of a pre-existing disability is essential to reimbursement under subdivision 8 of section 15 of the Workmen's Compensation Law. (*Matter of Zyla* v. *Juilliard & Co.*, 277 App. Div. 604.) It is claimed than an electorate cannot have such previous knowledge. The board has found, as a fact, that the electorate did have such knowledge. There is evidence to sustain such a finding. Even without such a finding there seems no sound reason for a distinction between an elected employee and a privately hired one, solely because he was elected by voters instead of employed by an individual or a board of directors.

Section 3 (subd. 1, group 17) of the Workmen's Compensation Law expressly includes Sheriffs and deputy sheriffs and makes them subject to the law. Paragraph (h) of subdivision 8 of section 15 of the Workmen's Compensation Law requires a contribution, based on their salaries, to appellant Special Fund. The entire pattern of the Workmen's Compensation Law would seem to indicate a legislative intent to subject counties to the obligations, and to entitle them to the benefits of reimbursement to the same extent as private employers. When counties are required by law to contribute to the same fund from which they now seek reimbursement, the reimbursement should not be denied solely because the employee was elected instead of privately employed. If actual knowledge of the employee's previous condition be deemed impossible solely because of the number of his employers, it should be implied by law.

The award should be affirmed, with costs to the employer against appellant.

FOSTER, P. J. (dissenting). I do not believe that the Legislature ever intended that subdivision 8 of section 15 of the Workmen's Compensation Law should apply to elected public officials. The whole purpose underlying the enactment of such legislation was to encourage employers to hire, or continue in employment, physically handicapped persons. The Legislature had in mind, I think, a conventional type of employment as envisaged in common speech. I doubt very much if the ordinary person would consider an elected public official as merely an employee.

We have held that an employer's knowledge of a pre-existing disability is essential before subdivision 8 of section 15 of the

statute may be applied (*Matter of Zyla* v. *Juilliard & Co.*, 277 App. Div. 604). In other words, that an employee must be hired, or continued in employment as a physically handicapped person. It is obviously impossible in the case of an elected public official to make such a determination, especially in a county or district where one political party has an overwhelming advantage.

The fact that section 3 of the Workmen's Compensation Law expressly makes Sheriffs and deputy sheriffs beneficiaries under the law in case of accidental injury or death does not, *ipso facto,* make subdivision 8 of section 15 applicable.

I dissent therefore and vote to reverse the award and remit the claim to the Workmen's Compensation Board.

BERGAN, HALPERN and ZELLER, JJ., concur with COON, J.; FOSTER, P. J., dissents, in a memorandum.

Award affirmed, with costs to the employer against the appellant.